1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DELARM,                          No.  2:14-cv-2792 DB P

12              Plaintiff,

13        v.                                  ORDER

14   E. BELL, et al.,

15              Defendant.

16

17        Plaintiff is a former state prisoner proceeding pro se with a civil rights action under 42

18   U.S.C. § 1983.  Plaintiff's application to proceed in forma pauperis and his first amended

19   complaint are before the court.  Plaintiff alleges a violation of his right of access to the courts.

20   For the reasons set forth below, plaintiff's application to proceed in forma pauperis will be

21   granted, plaintiff's first amended complaint will be dismissed, and plaintiff will be given an

22   opportunity to file an amended complaint.

23                          **IN FORMA PAUPERIS**

24        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

25   Accordingly, the request to proceed in forma pauperis will be granted.

26   ////

27   ////

28   ////

**SCREENING**

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. The court must explain to the plaintiff any deficiencies in his complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic, 550 U.S. at 555 (citation and internal quotation and punctuation marks omitted).

### II.      Allegations of the First Amended Complaint

At the time he filed his first amended complaint, plaintiff was an inmate at Avenal State Prison ("ASP").  (First Amended Complaint ("FAC") (ECF No. 8 at 7).)  The events which are the subject of plaintiff's suit occurred while he was incarcerated at Mule Creek State Prison ("MCSP").  Plaintiff identifies the following defendants:  (1) E. Bell, Library Technical Assistant on Facility C; (2) Joe A. Lizarraga, Acting Warden; (3) P. Vanni, Acting Chief Deputy Warden; (4) Robert L. Davis, Associate Warden; (5) M. Elorza, Appeals Coordinator; (6) K.J. Allen, Third

2

1   Level Appeals Examiner at the Chief, Inmate Appeals Branch; (7) R.L. Briggs, Acting Chief of
2   the Chief, Inmate Appeals Branch; and (8) Does 1-5, MCSP employees.  (Id. at 8.)

3        Plaintiff states that in March 2014 defendant Bell read his legal documents and, if she felt
4   some exhibits or documents were not relevant, refused plaintiff's request to copy them.   At that
5   time, plaintiff was making a tort claim to the Victim Compensation and Government Claims
6   Board.  Bell refused to make copies of pages from the Department Operations Manual ("DOM")
7   and from the California Code of Regulations.  When plaintiff requested copies a second time, Bell
8   relented and allowed plaintiff to copy his claim, though Bell read the document before copying it.
9   (Id. at 9-10.)

10       Plaintiff filed an administrative appeal.  Around that time, he was transferred to ASP.  At the
11  first level of review, defendant Harris "admitted plaintiff had a right to copy pages from the DOM
12  and 15 CCR and requested ASP to produce the requested copies."  However, defendants Harris
13  and Elorza found that Bell's conduct did not rise to the level of staff misconduct.  Defendants
14  Harris and Davis upheld Elorza's finding that Bell's conduct in examining and reading plaintiff's
15  legal documents did not amount to staff misconduct.  They did, however, admit that plaintiff was
16  entitled to copies of the public records.  (Id. at 11.)

17       Defendants Lizarraga and Vanni denied plaintiff's appeal at the second level of review.  They
18  found that Bell acted in good faith and that examining documents was required to determine
19  whether copies were necessary.  Defendants Allen and Briggs denied plaintiff's appeal at the third
20  level of review.  (Id.)

21       Plaintiff alleges a violation of his First Amendment rights and raises state law claims of
22  negligence and violation of the California Public Records Act.

23       Plaintiff seeks compensatory damages and costs of suit.

24  **III.    Does Plaintiff State Potentially Cognizable Claims?**

25       Plaintiff alleges Bell's examination of his legal documents and refusal to copy exhibits to
26  those documents violated his First and/or Fourteenth Amendment rights.  With respect to
27  plaintiff's claim that Bell read his legal documents without his consent, plaintiff does not allege
28  that these documents were communications with his attorney.  Therefore, he is not asserting a

3

1    violation of his Sixth Amendment right to counsel.  It appears that plaintiff's claims regarding

2    reading his legal materials and refusing to make copies are attempts to state claims for violations

3    violation of plaintiff's right of access to the courts under the First and Fourteenth Amendments.

4    See Linnihan v. Foulk, No. 2:13-cv-2575 MCE AC P, 2014 WL 1922785, at *2 (E.D. Cal. May

5    14, 2014) (claim regarding prison's refusal to provide photocopies alleges violation of the

6    plaintiff's access to the courts), findings and recos. adopted, 2014 WL 3361976 (E.D. Cal. July 9,

7    2014); Nelson v. City of Los Angeles, No. CV 11-5407-PSG (JPR), 2015 WL 1931714, at *11

8    (C.D. Cal. Apr. 28, 2015).  Prisoners "have a right, protected by the First Amendment right to

9    petition and the Fourteenth Amendment right to substantive due process, 'to pursue legal redress

10   for claims that have a reasonable basis in law or fact.'"  Silva v. Di Vittorio, 658 F.3d 1090,

11   1102–03 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279 (7th Cir. 2004)), abrogated on

12   other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).  For the

13   reasons set forth below, the court finds plaintiff fails to state a potentially cognizable federal

14   claim.  Because plaintiff has not yet stated a cognizable federal claim, the court need not at this

15   point determine the viability of plaintiff's state law claims.  See Herman Family Revocable Trust

16   v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (if no cognizable federal claim, court will not

17   exercise supplemental jurisdiction over state law claim); 28 U.S.C. 1367(c)(3).

18       **A.  Legal Standards**

19       The First Amendment right to petition the government includes a right of access to the

20   courts.  See Cal. Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 510 (1972).  Prisoners have

21   a constitutional right of access to the courts.  Bounds v. Smith, 430 U.S. 817, 828 (1977).

22   Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their

23   confinement to conclusion without active interference by prison officials."  Silva, 658 F.3d at

24   1103.

25       An inmate alleging a violation of this right must show that he suffered an actual injury.

26   Lewis v. Casey, 518 U.S. 343, 349-51 (1996).  That is, plaintiff must allege that the deprivation

27   actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused

28   him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.

4

1   See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  The right is limited to the

2   filing of direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at

3   354-55.  Inmates do not have "an abstract, freestanding right to a law library or legal assistance,"

4   and "cannot establish relevant actual injury simply by establishing that [the] prison's law library

5   or legal assistance program is subpar in some theoretical sense."  Id. at 351.

6   **B.   Does Plaintiff State a Potentially Cognizable Access to Courts Claim?**

7   The complaint does not identify any injury plaintiff suffered as a result of defendant Bell's

8   examination of his legal documents or refusal to copy documents.  Because actual injury is a

9   jurisdictional requirement that may not be waived, an actual injury must be alleged in order to

10  state a claim for relief.  Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011);

11  see, e.g., Jenkins v. McMickens, 618 F. Supp. 1472, 1474-75 (S.D. N.Y. 1985) (complaint

12  alleging certain documents pertaining to pending trial were confiscated and not returned is too

13  conclusory to support a claim of denial of access to court).

14  Further, to the extent plaintiff is alleging the refusal to provide copies infringed upon his right

15  to file a tort claim with the Victim Compensation and Government Claims Board, that claim does

16  not fall within the purview of claims covered by plaintiff's constitutional right of access to the

17  courts.  The right of access protects only the right to file direct criminal appeals, habeas petitions,

18  and civil rights actions.  See Lewis, 518 U.S. at 354-55.  Having failed to meet these

19  requirements, any right of access claim under the First or Fourteenth Amendments must be

20  dismissed.  However, because it is not clear just what damage plaintiff is alleging, the court will

21  give plaintiff an opportunity to amend his complaint.

22  **C.   Liability for Reviewing Appeals**

23  Plaintiff's allegations regarding defendants Lizarraga, Vanni, Davis, Elorza, Allen, and Briggs

24  are simply that they denied his appeals.  Generally, denying a prisoner's administrative appeal

25  does not cause or contribute to the underlying violation.  See George v. Smith, 507 F.3d 605, 609

26  (7th Cir. 2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. Jan. 18, 2013).  Further,

27  supervisory government officials may not be held liable for the unconstitutional conduct of their

28  subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

1    However, they may be individually liable under Section 1983 if there exists "either (1) [the

2    supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal

3    connection between the supervisor's wrongful conduct and the constitutional violation." Hansen

4    v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a

5    supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

6    established in a number of ways, including by demonstrating that a supervisor's own culpable

7    action or inaction in the training, supervision, or control of his subordinates was a cause of

8    plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los

9    Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the

10   requisite state of mind to establish liability, which turns on the requirement of the particular claim

11   -- and, more specifically, on the state of mind required by the particular claim -- not on a

12   generally applicable concept of supervisory liability. OSU Student Alliance v. Ray, 699 F.3d

13   1053, 1071 (9th Cir. 2012).

14        As they stand, plaintiff does not allege each of the supervisory defendants personally

15   caused him any harm.  In fact, plaintiff alleges that at the first level of review, he was provided

16   copies of the documents he required.  Again, however, because pro se plaintiffs are entitled to

17   liberal construction of their pleadings, plaintiff will be given the opportunity to amend his petition

18   to show how those defendants contributed to the First and Fourteenth Amendment violations he

19   claims.

20        **D.  Doe Defendants**

21   Plaintiff names five Doe defendants who he identifies as employees of MCSP.  There is no

22   provision in the Federal Rules of Civil Procedure for including unnamed defendants in a

23   complaint.  The use of Does in pleading practice is generally disfavored – but it is not prohibited.

24   See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d

25   1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008).

26   However, plaintiff must allege facts showing when, where, and how each Doe defendant violated

27   his constitutional rights.  See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015

28   WL 875233, at *3 (D. Ariz. Mar. 2, 2015).  Plaintiff makes no allegations about what the Doe

1  defendants have done.  Because he will be provided an opportunity to amend the complaint,

2  plaintiff can allege in the amended complaint what the Doe defendants have done.  He must also

3  make every effort to identify them.

4  **FILING AN AMENDED COMPLAINT**

5       Plaintiff is advised that in an amended complaint he must clearly identify each defendant and

6  the action that defendant took that violated his constitutional rights.  The court is not required to

7  review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

8  The charging allegations must be set forth in the amended complaint so defendants have fair

9  notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed

10  fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each

11  claim.  See Fed. R. Civ. P. 8(a).

12       Any amended complaint must show the federal court has jurisdiction, the action is brought

13  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

14  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

15  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

17  of a constitutional right if he does an act, participates in another's act or omits to perform an act

18  he is legally required to do that causes the alleged deprivation).

19       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

20  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

21  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

22  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

23       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

24  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

25  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

26  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

27  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

28  ////

7

1   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3          An amended complaint must be complete in itself without reference to any prior pleading.

4   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

5          By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

6   has evidentiary support for his allegations, and for violation of this rule the court may impose

7   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8          For the foregoing reasons, IT IS HEREBY ORDERED as follows:

9      1.   Plaintiff's application to proceed in forma pauperis (ECF No. 7) is granted;

10     2.   Plaintiff's first amended complaint (ECF No. 8) is dismissed;

11     3.   Plaintiff is granted thirty days from the date of service of this order to file an amended

12          complaint that complies with the requirements of the Civil Rights Act, the Federal

13          Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

14          must bear the docket number assigned this case and must be labeled "Second

15          Amended Complaint."  Plaintiff must file an original and two copies of the amended

16          complaint.  Failure to file an amended complaint in accordance with this order may

17          result in a recommendation that this action be dismissed.

18     4.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

19          form used in this district.

20  Dated:  March 17, 2017

21

22

23  DLB:9

    DLB1/prisoner-civil rights/dela2792.fac scrn

    DEBORAH BARNES

24  UNITED STATES MAGISTRATE JUDGE

25

26

27

28